# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| Jennifer L. Ryan, § | |
| § | |
| Plaintiff, § | **3-25CV1223-E** |
| § | |
| v. § | Civil Action No. _____ |
| § | |
| PAYPAL, INC., § | |
| § | |
| Defendants. § | |

### COMPLAINT FOR CIVIL RIGHTS VIOLATIONS, STATE-ACTOR LIABILITY, AND DAMAGES ARISING FROM UNLAWFUL DEPLATFORMING AND DEFAMATION

**COMES NOW** Plaintiff Jennifer L. Ryan, proceeding pro se, and files this Complaint against Defendant PayPal Holdings, Inc. ("PayPal") for unconstitutional financial censorship, viewpoint discrimination, and coordinated suppression of political dissent in violation of federal civil rights laws (42 U.S.C. §§ 1983, 1985) and Texas state law.

1. On January 21, 2021, PayPal terminated Plaintiff's account following her $200 fundraiser tweet to cover legal fees for January 6-related misdemeanor charges, disclosing the closure to CBS News and other media outlets, flagging and portraying Plaintiff as an "extremist" and "domestic terrorist." These actions, coordinated with federal agencies (FinCEN, DOJ, FBI), triggered mass deplatforming, viral defamation, destruction of Plaintiff's real estate business, and her incarceration, violating her First, Fourth, and Fourteenth Amendment rights and causing severe harm.

2. **Notice of Related Case**: This case is related to *Ryan v. DOJ & Rochlin*, Case No. 3:25-CV-00325-X-BT, involving similar issues of January 6-related government targeting and constitutional violations. Plaintiff alleges as follows:

## I. INTRODUCTION

3. This civil rights action challenges PayPal's role as a state actor in a coordinated government-private sector campaign to suppress political dissent following January 6, 2021. PayPal terminated Plaintiff's account, froze her funds, and disclosed her account closure to national media, portraying her as an "extremist" under pressure from FinCEN, DOJ, and FBI, pursuant to post-January 6 directives targeting alleged "extremist" transactions.

4. PayPal's actions violated Plaintiff's First, Fourth, and Fourteenth Amendment rights under *42 U.S.C. §§ 1983* and 1985, and Texas state law, causing business destruction, reputational harm, mob attacks, and incarceration. As established in *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963), such corporate-state collusion transforms a private entity into a state actor liable for constitutional violations.

5. Plaintiff seeks damages, declaratory, and injunctive relief to address PayPal's financial censorship and prevent further erosion of free speech and due process.

## II. PRELIMINARY STATEMENT

6. Following January 6, 2021, federal agencies, including the DOJ, FBI, FinCEN, and DHS, engaged in coordinated efforts to suppress political dissent, labeling January 6 protesters as "domestic terrorists" and "extremists" without due process, amplified by media and financial institutions.

7. These efforts misused counterterrorism protocols, including anti-money laundering (AML) controls under the Patriot Act, to target lawful political expression, resulting in censorship, economic exclusion, and reputational harm for individuals like Plaintiff, despite no convictions for violent conduct.

8. Official actions, including Executive Order 14147 (January 20, 2025) addressing January 6-related government overreach and December 2024 congressional findings on government-private sector collusion, confirm these constitutional violations. (Ex. 1, Executive Order 14147; Ex. 18, Congressional Findings.)

9. Plaintiff seeks redress for injuries arising from PayPal's role in this unconstitutional campaign, coordinated with federal agencies.

## III. PARTIES

10. Plaintiff Jennifer L. Ryan resides in Dallas, Dallas County, Texas. She supported President Trump, used Twitter (now X) to express her views, and was a PayPal user and received a Presidential Pardon on January 20, 2025. (Exhibit 2, Pardon)

11. Defendant PayPal Holdings, Inc. is a Delaware corporation headquartered in San Jose, California, operating a global payment platform and conducting substantial business in Texas.

## IV. VENUE AND JURISDICTION

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 for federal claims under 42 U.S.C. §§ 1983 and 1985, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

13. Personal jurisdiction exists over PayPal, which conducts business in Texas and caused harm in this District through its actions against Plaintiff.

14. Venue is proper in the Northern District of Texas, Dallas Division, under 28 U.S.C. § 1391(b), as Plaintiff resides in Dallas County, PayPal's actions caused harm here, and a related case, *Ryan v. DOJ & Rochlin*, Case No. 3:25-CV-00325-X-BT, is pending in this District. (Ex. 3, DOJ Complaint.)

## V. PROCEDURAL HISTORY

15. On July 5, 2022, Plaintiff filed *JLR Global, LLC v. PayPal Holdings, Inc.*, Case No. 4:22-CV-559 (E.D. Tex., Sherman Div.), asserting tort claims arising from PayPal's January 21, 2021, account termination and media disclosures leading to mass cancellations. (Ex. 4, *JLR Global* Complaint.)

16. On March 15, 2023, the Sherman court, under Judge Amos Mazzant, stayed the case pending arbitration. (Ex. 5, Memorandum and Order.)

17. No arbitration occurred due to PayPal's failure to pay American Arbitration Association (AAA) fees, closing Plaintiff's filing (Exhibit 6, AAA Case No. 01-23-0003-6758), selective court rulings, unaddressed motions, and delays. (Ex. 9, Declaration of Jennifer Ryan; Ex. 8, AAA Termination, October 3, 2023.)

18. PayPal's litigation conduct, including merits-based responses constituted waiver of arbitration, necessitating Plaintiff's dismissal without prejudice on May 1, 2025. (Ex. 7, Voluntary Notice of Dismissal.)

19. Plaintiff refiles in this Court, asserting new § 1983 and § 1985 claims based on evidence uncovered in late 2024 and early 2025, including Executive Order 14147 and congressional findings, distinct from *JLR Global's* tort claims. (Ex. 1, Ex. 18; Compl. ¶ 34.)

---

## VI. ARBITRATION

20. In *JLR Global*, PayPal invoked an arbitration clause, resulting in a stay on March 15, 2023. (Ex. 5.) PayPal waived its right to compel arbitration through conduct inconsistent with arbitration, including:

    a. Refusal to pay AAA fees, closing Plaintiff's filing (AAA Case No. 01-23-0003-6758, October 3, 2023). (Ex. 8; Statement of Facts ¶ 17.)

    b. Unreasonable 25-month delay, from March 2023 to present. (Statement of Facts ¶ 17.)

    c. Substantive litigation, engaging Plaintiff's § 1983, § 1985, and tort claims, including a Response applying a trial standard to § 1983 evidence, a Combined Response disputing collusion, and a Motion to Strike labeling claims "frivolous" in violation of its own Arbitration Agreement, (Ex. 8, PayPal Arbitration Agreement from *JLR Global*).

    d. PayPal's litigation addressed Plaintiff's collusion claims, evidenced by the 44-minute gap between PayPal's termination email and CNET's contact, 18-minute gap to CBS's report, and six-day proximity to the FBI's raid, indicating coordinated action with FinCEN, DOJ, and FBI. (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); Statement of Facts ¶¶ 2–9; Ex. 10–17; Ex. 18-30)

21. PayPal's Response applied a trial standard, usurping the arbitrator's role in assessing frivolous claims under the User Agreement, breaching arbitration intent (Ex. 8). (*Henry Schein, Inc. v. Archer & White Sales, Inc.*, 586 U.S. 63, 68 (2019).)

22. PayPal's conduct constitutes waiver under *Morgan v. Sundance, Inc.*, 596 U.S. 411 (2022), and *Vine v. PLS Fin. Servs., Inc.*, 689 F. App'x 800 (5th Cir. 2017), as it intentionally litigated rather than arbitrated.

23. Plaintiff's § 1983 and § 1985 claims, based on new evidence (Ex. 1, Ex. 18 Congressional Report regarding January 6th surveillance, Ex. 30 PayPal Inquiry from Congress) and tied to *Ryan v. DOJ & Rochlin*'s misconduct evidence (Case No. 3:25-CV-00325-X-BT), are non-arbitrable constitutional torts, not contract disputes, requiring federal court adjudication. (*Paladino v. Avnet Comput. Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).)

## VII. STATUTE OF LIMITATIONS

24. Plaintiff's claims are timely under equitable tolling, the discovery rule, and the continuing violation doctrine.

25. Plaintiff's § 1983 and § 1985 claims are subject to Texas's two-year personal injury statute of limitations (*Wallace v. Kato*, 549 U.S. 384, 387 (2007)), and her Texas defamation and IIED claims are subject to a one-year limitations period (*Tex. Civ. Prac. & Rem. Code § 16.002(a)*). PayPal's initial actions occurred on January 21, 2021. (Statement of Facts ¶¶ 4–7.)

26. **Equitable Tolling**: The limitations period was tolled by Plaintiff's filing of *JLR Global* on July 5, 2022, within the two-year period. The Sherman court's stay on March 15, 2023, and PayPal's refusal to pay AAA fees delayed adjudication, justifying tolling under *Holland v. Florida*, 560 U.S. 631, 649 (2010). (Ex. 5, 6; Statement of Facts ¶¶ 16–17.)

27. **Discovery Rule**: Plaintiff's § 1983 and § 1985 claims accrued upon discovery of new evidence in late 2024 and early 2025, including Executive Order 14147 and congressional findings, unavailable during *JLR Global*. (*Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011); Statement of Facts ¶ 19; Ex. 1, Ex. 18 [Congressional Findings].)

28. **Continuing Violation Doctrine**: Plaintiff suffers ongoing reputational and economic harm from PayPal's actions, including business closure and social vilification, extending the limitations period under *Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998). (Statement of Facts ¶¶ 8, 20; Ex. 13-17, 21, 23.)

## VIII. STATEMENT OF FACTS

29. In January 2021, Plaintiff Jennifer L. Ryan, a Dallas resident and Trump supporter, was targeted with financial and reputational harm following her misdemeanor charges related to January 6, 2021. The following timeline details the events leading to her injuries.

### A. Timeline of Deplatforming

30. On January 15, 2021, the FBI raided Plaintiff's home in Dallas, Texas, on misdemeanor charges related to January 6, 2021, pre-notifying media outlets who filmed the raid, resulting in global publicity. (Exhibit 10, media footage and reports.)

31. On January 21, 2021, at 8:28 AM, Plaintiff tweeted a lawful $200 fundraiser to cover legal fees for her misdemeanor charges. (Exhibit 11, tweet screenshot.)

32. On January 21, 2021, at 6:45 PM, PayPal emailed Plaintiff, notifying her of account termination for an alleged violation of its Acceptable Use Policy, without specifying the violation. (Exhibit 12, PayPal email.)

33. On January 21, 2021, at 7:31 PM, CNET contacted Plaintiff, 44 minutes after PayPal's email, citing PayPal's disclosure of her account closure. (Exhibit 13, CNET communication.)

34. On January 21, 2021, at 7:49 PM, CBS News published a report, 18 minutes after CNET's contact, quoting PayPal representative Kim Eichorn and describing Plaintiff's account closure with the phrase "extremist threat high," producing articles and television programming that spread globally. (Exhibit 14, CBS article and broadcast.)

35. Between January 21 and 22, 2021, PayPal's disclosure of Plaintiff's account closure led to over 28 articles by major media outlets (e.g., CNET, CBS News, NBC, The Washington Post), amplified by public commentary and President Biden's statements

about January 6 protesters, portraying Plaintiff as an "extremist" and "domestic terrorist." (Exhibit 21, Biden statements on (January 8, 2021), Exhibits 15–16, media articles and commentary.)

36. On January 22, 2021, Plaintiff was rapidly deplatformed from social media platforms (e.g., Facebook, Instagram, Zillow) and financial platforms (e.g., Chase Bank, Venmo, Authorize.net), causing financial harm, destruction of her real estate business, eviction from her office, mob attacks, emotional distress, and forcing her to sell her home and relocate under a new name. (Exhibit 17, deplatforming records.)

37. The close temporal proximity—FBI raid on January 15, PayPal's termination and media disclosures within hours of Plaintiff's tweet on January 21, and deplatforming on January 22—indicates coordinated action, as recognized in *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). (Exhibits 10–17.)

## B. Government and PayPal Actions

38. In 2021, federal agencies, including the DOJ, FBI, FinCEN, and DHS, labeled January 6 protesters, including Plaintiff, as "domestic terrorists" and "extremists" in official documents and public statements, without due process. (Ex. 19, ODNI Report on Domestic Violent Extremism; Ex. 21, Biden statement, Ex. 22, NSC Strategic Implementation Plan (SIP) and White House Fact Sheet, Ex. 28, PayPal AML Statement).

39. The FBI's raid on Plaintiff's home on January 15, 2021, was accompanied by press releases framing January 6 protesters as terrorists. (Ex. 14, "Extremist Threat High"; Ex. 20, FBI-DHS Strategic Intelligence Assessment.)

40. FinCEN issued guidance on January 18, 2021, directing financial institutions to flag January 6-related accounts as high-risk under anti-money laundering (AML) and counter-terrorism protocols, including Adverse Media Alerts. (Ex. 23, FinCEN FAQs on SARs, Ex. 27, Adverse Media (January 21, 2021), Ex. 29, FinCEN notice on information sharing).

41. PayPal, through its 4,000 regulatory staff and integration with public-private databases like CLEAR, collaborated with FinCEN and FBI to monitor and flag accounts, including Plaintiff's, based on her January 6-related activity. (Ex. 24, PayPal 2020 Annual Report; Ex. 25, CLEAR AI Database Ads; Ex. 26, FBI Partnership with CLEAR.)

42. PayPal participated in Zoom calls with FinCEN and FBI, targeting January 6 protesters' fundraising, including Plaintiff's $200 fundraiser and was instructed to flag crowdfunding for Trump Events. (Ex. 18, Zoom call records, crowdfunding flagging.)

43. Following PayPal's disclosure on January 21, 2021, Plaintiff received rapid account closure notices from multiple financial institutions (e.g., Chase Bank, Authorize.net, Venmo), citing her account activity. (Exhibit 17, Plaintiff's Deplatform List.)

**C. Litigation and New Evidence**

44. On July 5, 2022, Plaintiff filed *JLR Global, LLC v. PayPal Holdings, Inc.* (Case No. 4:22-CV-559, E.D. Tex.), asserting tort claims arising from PayPal's January 21, 2021, actions. (Ex. 4, *JLR Global* Complaint.)

45. On March 15, 2023, the Sherman court stayed the case pending arbitration, which PayPal obstructed by refusing to pay AAA fees, closing Plaintiff's filing (AAA Case No. 01-23-0003-6758). (Ex. 8, AAA Termination; Compl. ¶¶ 29, 31.)

46. Between February 26 and April 4, 2025, PayPal filed responses in *JLR Global*, addressing Plaintiff's claims, including a Response on February 26, 2025, a Combined Response on April 4, 2025, and a Motion to Strike on April 4, 2025. (Compl. ¶ 32.)

47. New evidence uncovered in late 2024 and early 2025, including Executive Order 14147 (January 20, 2025) addressing January 6th-related government overreach and December 2024 congressional findings on government-private sector collusion, supports PayPal's coordination with FinCEN, DOJ, and FBI, linked to *Ryan v. DOJ & Rochlin* (Case No. 3:25-CV-00325-X-BT). (Ex. 1, Executive Order 14147; Ex. 18, Congressional Report.)

48. PayPal's actions caused Plaintiff's business closure, reputational harm, incarceration, and severe emotional distress, amplified by media coverage (CNN, FOX, NBC, etc.), requiring court adjudication. (Ex. 15, media compilation; Compl. ¶¶ 10–14.)

## IX. CAUSES OF ACTION

**Count 1: 42 U.S.C. § 1983 – First Amendment Violation**

49. PayPal, acting under color of law, violated Plaintiff's First Amendment right to free speech by terminating her account on January 21, 2021, based on her lawful $200 fundraiser tweet. (Statement of Facts ¶¶ 3–4; Ex. 11–12.)

50. PayPal's state actor status is established through:
    a. **Joint Action**, as the 44-minute gap between PayPal's email and CNET's contact, 18-minute gap to CBS's report, and six-day proximity to the FBI's raid indicate a conspiracy with FinCEN, DOJ, and FBI (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970));

    b. **Nexus**, as PayPal's ban was tied to FinCEN's January 18, 2021, guidance and FBI directives (*Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974)); and

    c. **Compulsion**, as FinCEN's Adverse Media Alerts coerced PayPal's actions (*Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). (Statement of Facts ¶¶ 2–9, 10–15, 19; Ex. 1, 4–5, 10–17, 19-30.)

51. This violation, linked to *Ryan v. DOJ & Rochlin*'s evidence of government misconduct (Case No. 3:25-CV-00325-X-BT), caused business closure, reputational harm, mob attacks, and incarceration, and is a non-arbitrable constitutional tort due to public policy concerns. (*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Paladino v. Avnet Comput. Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998).

**Count 2: 42 U.S.C. § 1983 – Fourth Amendment Violation**

52. PayPal, acting under color of law, unreasonably seized Plaintiff's funds by freezing her account without due process on January 21, 2021, violating her Fourth Amendment rights. (Statement of Facts ¶¶ 4, 8; Ex. 12, 17.)

53. PayPal's state actor status is established through Joint Action, Nexus, and Compulsion, as described in Count 1. (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); Statement of Facts ¶¶ 2–9, 10–15, 19; Ex. 1, 4–5, 10–17, 19, 37, 42, 50.)

54. This non-arbitrable constitutional tort caused financial harm, linked to *Ryan v. DOJ*. (*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Paladino v. Avnet Comput. Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998).)

**Count 3: 42 U.S.C. § 1983 – Fourteenth Amendment Violation (Due Process)**

55. PayPal, acting under color of law, deprived Plaintiff of her property and liberty without due process by freezing her account and leaking defamatory information to the media on January 21, 2021, leading to deplatforming and incarceration. (Statement of Facts ¶¶ 4–8; Ex. 12–17.)

56. PayPal's state actor status is established through Joint Action, Nexus, and Compulsion, as described in Count 1. (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974); *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); Statement of Facts ¶¶ 2–9, 10–15, 19; Ex. 1, 4–5, 10–17, 19-30.)

57. This non-arbitrable constitutional tort caused severe harm, linked to *Ryan v. DOJ*. (*Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Paladino v. Avnet Comput. Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998).)

**Count 4: 42 U.S.C. § 1985 – Conspiracy to Interfere with Civil Rights**

58. PayPal conspired with FinCEN, DOJ, FBI, and media outlets (e.g., CNET, CBS News) to interfere with Plaintiff's First Amendment rights by coordinating her account termination, media leaks, and deplatforming between January 15 and January 22, 2021. (Statement of Facts ¶¶ 2–9; Ex. 10–17.)

59. The rapid sequence—FBI raid, PayPal's ban within six days, CNET's contact 44 minutes after PayPal's email—establishes a conspiracy. (*Gordon v. Warren Cty. Bd. of Supervisors*, 231 F.3d 1009, 1017 (5th Cir. 2000); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); Statement of Facts ¶¶ 2–9; Ex. 10–17.)

60. This non-arbitrable conspiracy, tied to the *Ryan v. DOJ*'s case, caused severe harm. (*Paladino v. Avnet Comput. Techs., Inc.*, 134 F.3d 1054, 1062 (11th Cir. 1998).)

**Count 5: Defamation (Texas Law)**

61. PayPal falsely implied Plaintiff was an "extremist" and "domestic terrorist" through leaks to CNET and CBS News on January 21, 2021, with reckless disregard for truth, causing over 28 defamatory articles, reputational harm, and business closure. (Statement of Facts ¶¶ 5–8; Ex. 13–17.)

62. The 44-minute and 18-minute gaps indicate pre-arranged intent to defame. (*Doe v. Columbia Univ.*, 831 F.3d 46, 57 (2d Cir. 2016); Statement of Facts ¶¶ 5–6; Ex. 13–14.)

63. This non-arbitrable tort, linked to government collusion, meets Texas defamation elements (false statement, publication, damages). (*WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568 (Tex. 1998); *Bentley v. Bunton*, 94 S.W.3d 561 (Tex. 2002).)

**Count 6: Intentional Infliction of Emotional Distress (Texas Law)**

64. PayPal's extreme and outrageous conduct—false extremist labels, media leaks, and deplatforming—caused severe emotional distress, forcing Plaintiff to sell her home and relocate under a new name. (Statement of Facts ¶¶ 5–8; Ex. 13–17, 21.)

65. The coordinated timing indicates intentional harm. (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970); Statement of Facts ¶¶ 2–9; Ex. 10–17.)

66. This non-arbitrable tort meets Texas IIED elements (extreme conduct, intentional or reckless, severe distress). (*Twyman v. Twyman*, 855 S.W.2d 619 (Tex. 1993).)

## X. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

- Award compensatory damages for financial harm, reputational damage, emotional distress, and loss of liberty, in an amount to be determined at trial, but not less than $25,000,000.

- Award punitive damages to deter PayPal's unconstitutional conduct, in an amount to be determined at trial.

- Declare that PayPal's actions violated Plaintiff's First, Fourth, and Fourteenth Amendment rights under 42 U.S.C. § 1983 and constituted a conspiracy under 42 U.S.C. § 1985.

- Issue an injunction ordering PayPal to reinstate Plaintiff's account and cease financial censorship based on political expression.

- Award costs, attorney's fees (if applicable), and any other relief the Court deems just and proper.

## XI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**Date:** May 14, 2025

**Respectfully submitted,**

*/s/ Jennifer L. Ryan*
Jennifer L. Ryan
Pro Se Plaintiff
407 E. Tyler Street
Richardson, TX 75081
469-491-0587
jennaryanrealty@gmail.com

JS 44 (Rev. 04/21) (TXND 4/21)

# CIVIL COVER SHEET

3-25CV1223-E

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff: **Dallas**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PayPal, Inc.**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

RECEIVED MAY 14 2025 KM
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [x] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

[Table of nature of suit categories — CONTRACT, TORTS, FORFEITURE/PENALTY, BANKRUPTCY, OTHER STATUTES, REAL PROPERTY, CIVIL RIGHTS, PRISONER PETITIONS — with "440 Other Civil Rights" marked with X]

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
**42 USC 1983, 1985**

Brief description of cause:
**Violation of 1st, 4th & 14th amendment rights**

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE: **Judge Brantley Starr**
DOCKET NUMBER: **3:25-CV-00335**

DATE: **5/14/2025**

SIGNATURE OF ATTORNEY OF RECORD: X / BT

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____