UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER L. RYAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | 3:25-cv-01223-E-BT |
| | § | |
| PAYPAL, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DISMISS
UNDER RULE 12(b)(3) OR, ALTERNATIVELY, RULE 12(b)(6)**

Plaintiff Jennifer L. Ryan wants a second bite at the apple. She previously brought claims against Defendant PayPal, Inc., in state court for the very same conduct alleged in her Complaint here. After removal, the United States District Court for the Eastern District of Texas held that Ryan's claims are subject to a binding arbitration agreement and sent the case to arbitration. Ryan declined to engage in arbitration. When her efforts to overturn the court's order compelling arbitration proved fruitless, Ryan dismissed the Eastern District case and filed this case. PayPal asks this Court to again order Ryan to comply with her contractual duty to arbitrate. Alternatively, PayPal asks that the Court dismiss this case as evidently barred by the statute of limitations.

i

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF THE PROCEEDING ............................................1

II.   ISSUES TO BE RULED ON BY THE COURT & LEGAL STANDARDS.....1

III.  SUMMARY OF THE ARGUMENT ..................................................3

IV.  FACTUAL BACKGROUND ........................................................4

    A. Ryan files suit in Denton County and the case is ordered to arbitration.........4

    B. Ryan refuses to arbitrate, voluntarily dismisses her suit in the Eastern District,
    and immediately files suit in the Northern District. .......................................6

V.   ARGUMENT AND AUTHORITY ..................................................7

    A. The Court should compel Ryan to arbitrate her claims and dismiss this case.
    ..................................................................................7

        1. Collateral estoppel bars Ryan from re-litigating the arbitration issue which
        was fully and fairly litigated in the Eastern District...................................7

        2. Even if collateral estoppel did not apply to Ryan's claims, it would be clear
        from her pleadings and the Eastern District's opinions that her claims are
        subject to a mandatory arbitration agreement. .........................................10

        3. Dismissal under Rule 12(b)(3) is proper when, as here, all the plaintiff's
        claims must be brought in arbitration....................................................14

    B. Alternatively, the Court should dismiss this case because each of Ryan's
    claims is barred by the applicable statute of limitations. ..............................15

        1. 42 U.S.C. § 1983 ................................................................15

        2. 42 U.S.C. § 1985 ................................................................17

        3. Defamation ........................................................................17

        4. Intentional Infliction of Emotional Distress...........................................18

        5. Ryan's Tolling Arguments ...................................................19

VI.  CONCLUSION ................................................................22

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*14 Penn Plaza LLC v. Pyett*,
   556 U.S. 247 (2009)...........................................................................................12

*Alford v. Dean Witter Reynolds, Inc.*,
   975 F.2d 1161 (5th Cir. 1992) ..........................................................................14

*Am. Heritage Life Ins. Co. v. Lang*,
   321 F.3d 533 (5th Cir. 2003) ..............................................................................2

*Amrollah v. Napolitano*,
   710 F.3d 568 (5th Cir. 2013) ..............................................................................7

*B & B Hardware, Inc., v. Hargis Indus., Inc.*,
   575 U.S. 138 (2015)............................................................................................7

*Basco v. American General Ins. Co.*,
   43 F.3d 964 (5th Cir.1994) ...............................................................................19

*Beckwith v. City of Houston*,
   790 F. App'x 568 (5th Cir. 2019).........................................................16, 17, 21

*Bongalis-Royer v. RJ Worldwide, LLC*,
   2015 WL 12778846 (E.D. Tex. July 16, 2015) ...............................................11

*Brinston v. Koppers Indus., Inc.*,
   538 F. Supp. 2d 969 (W.D. Tex. 2008) ............................................................19

*Budri v. FirstFleet Inc.*,
   2021 WL 6496786 (N.D. Tex. Oct. 22, 2021).....................................................7

*Buerger v. Sw. Bell Tel. Co.*,
   982 F. Supp. 1253 (E.D. Tex. 1997)..................................................................19

*Cano v. State Farm Mut. Auto. Ins. Co.*,
   425 F. Supp. 3d 779 (W.D. Tex. 2019) .............................................................18

*Civelli v. J.P. Morgan Sec., L.L.C.*,
   57 F.4th 484 (5th Cir. 2023) .............................................................................20

*Clark v. Amoco Prod. Co.*,
794 F.2d 967 (5th Cir. 1986) ............................................................................2

*Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*,
588 F.3d 884 (5th Cir. 2009) ..........................................................................13

*Doe v. Massage Envy Franchising, LLC*,
2020 WL 7624620 (Del. Super. Ct. Dec. 21, 2020) .........................................11

*Floyd v. Kelly Servs., Inc.*,
2019 WL 4452309 (N.D. Tex. Aug. 30, 2019) .......................................1, 2, 14

*Georgen-Saad v. Tex. Mut. Ins. Co.*,
195 F. Supp. 2d 853 (W.D. Tex. 2002) ............................................................18

*Gezu v. Charter Comms.*,
2021 WL 419741 (N.D. Tex. Jan. 7, 2021) ......................................................14

*Glassdoor, Inc. v. Andra Grp., LP*,
575 S.W.3d 523 (Tex. 2019) ...........................................................................18

*Green Tree Fin. Corp.-Alabama v. Randolph*,
531 U.S. 79 (2000) ..........................................................................................12

*Growtech Partners v. Accenture LLP*,
118 F. Supp. 3d 920 (S.D. Tex. 2015) .............................................................13

*Hilberg v. S. Methodist Univ.*,
2024 WL 4451756 (N.D. Tex. Aug. 9, 2024) .....................................................3

*Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*,
920 F.3d 890 (5th Cir. 2019) ............................................................................4

*JLR Glob., LLC v. PayPal Holding Co.*,
2023 WL 2527158 (E.D. Tex. Mar. 15, 2023) ....................................5, 8, 11, 12

*JLR Glob., LLC v. PayPal Holding Co.*,
2024 WL 4198003 (E.D. Tex. Sept. 13, 2024).........................................5, 8, 13

*JLR Glob., LLC v. PayPal Holding Co.*,
2025 WL 1119718 (E.D. Tex. Apr. 9, 2025).................................................6, 14

*Jones v. Alcoa, Inc.*,
   339 F.3d 359 (5th Cir. 2003) ................................................................2

*Krohn v. Spectrum Gulf Coast, LLC*,
   2019 WL 4572833 (N.D. Tex. Sept. 19, 2019) ...........................................14, 15

*Marange v. Fontenot*,
   879 F. Supp. 679 (E.D. Tex. 1995)...........................................................10

*Martinez v. El Paso Police Dep't*,
   667 F. Supp. 3d 401 (W.D. Tex. 2023) .....................................................15

*McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*,
   923 F.3d 427 (5th Cir. 2019) ..................................................................1

*McGowan v. S. Methodist Univ.*,
   715 F. Supp. 3d 937 (N.D. Tex. 2024) .....................................................21

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*,
   473 U.S. 614 (1985)........................................................................12, 13

*Moreno v. Sterling Drug, Inc.*,
   787 S.W.2d 348 (Tex.1990)..................................................................18

*Normore v. Dallas Indep. Sch. Dist.*,
   677 F. Supp. 3d 494 (N.D. Tex. 2023) .....................................................15

*Pace v. Bogalusa City Sch. Bd.*,
   403 F.3d 272 (5th Cir. 2005) ..................................................................7

*Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*,
   575 F.3d 476 (5th Cir. 2009) ................................................................13

*Piotrowski v. City of Houston*,
   237 F.3d 567 (5th Cir. 2001) ................................................................16

*Piotrowski v. City of Houston*,
   51 F.3d 512 (5th Cir. 1995) ..................................................................16

*R.M. Perez & Assocs., Inc. v. Welch*,
   960 F.2d 534 (5th Cir. 1992) ..................................................................2

*Rent-A-Ctr., W., Inc. v. Jackson*,
  561 U.S. 63 (2010)..................................................................................1

*Seifert v. United Built Homes, LLC*,
  684 F. Supp. 3d 555 (N.D. Tex. 2023) ...............................................13

*Shanklin v. Fernald*,
  539 F. Supp. 2d 878 (W.D. Tex. 2008) ...............................................17

*Taylor v. Bunge Corp.*,
  775 F.2d 617 (5th Cir.1985) ...............................................................19

*Wheeler v. Kidder Peabody & Co., Inc.*,
  8 F.3d 21, 1993 WL 455869 (5th Cir. 1993)...................................9, 10

*Will-Drill Res., Inc. v. Samson Res. Co.*,
  352 F.3d 211 (5th Cir. 2003) ................................................................1

## Statutes

42 U.S.C. § 1983 ........................................................15, 16, 17, 20, 21

42 U.S.C. § 1985 ...................................................................17, 20, 21

TEX. CIV. PRAC. & REM. CODE § 16.002(a) ..........................................18

TEX. CIV. PRAC. & REM. CODE § 16.003(a) ..........................................18

## Other Authorities

FED. R. CIV. P. 8 .....................................................................................2

FED. R. CIV. P 12(b)(3)...................................................................., 1, 14

FED. R. CIV. P 12(b)(6)......................................................1, 2, 3, 15, 23

FED. R. CIV. P 41(a)(1) ..........................................................................6

FED. R. EVID. 201 ..................................................................................4

## I.    NATURE AND STAGE OF THE PROCEEDING

Ryan sued PayPal, asserting federal statutory and Texas state law claims, arising out of PayPal's termination of Ryan's PayPal account in January 2021. PayPal has not yet filed an answer, and instead brings this Motion to Compel Arbitration and Dismiss under Rule 12(b)(3) or, Alternatively, Rule 12(b)(6) ("Motion").

## II.    ISSUES TO BE RULED ON BY THE COURT & LEGAL STANDARDS

- *First Issue:* Whether Ryan's lawsuit should be dismissed because all her claims must be arbitrated.

  - *Legal Standard:* The Fifth Circuit has "accepted Rule 12(b)(3) as a proper method for seeking dismissal in favor of arbitration." *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430 n.5 (5th Cir. 2019) (citation omitted). "Courts perform a two-step inquiry when considering whether to compel arbitration." *Will-Drill Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003). First, the court must determine "whether the parties agreed to arbitrate the dispute." *Floyd v. Kelly Servs., Inc.*, 2019 WL 4452309, at *2 (N.D. Tex. Aug. 30, 2019) (citing *Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 67 (2010)), *rec. adopted*, 2019 WL 4447538 (N.D. Tex. Sept. 16, 2019). To make this determination, the court must answer two questions: "(1) whether there is a valid agreement to

arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement." *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003). Second, the court must determine "whether any federal statute or policy renders the claims nonarbitrable." *Floyd*, 2019 WL 4452309 at *2 (internal quotation marks omitted) (quoting *R.M. Perez & Assocs., Inc. v. Welch*, 960 F.2d 534, 538 (5th Cir. 1992)).

- *Second Issue:* Whether Ryan's lawsuit should be dismissed because each of her claims is barred by the applicable statute of limitations.

  - *Legal Standard:* Limitations is an affirmative defense on which defendants bear the burden of proof. Fed. R. Civ. P. 8 ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including ... statute of limitations[.]"). "Although dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings." *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Accordingly, a statute of limitations defense may support dismissal when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to raise some basis for tolling. *Jones v. Alcoa, Inc.*,

339 F.3d 359, 366 (5th Cir. 2003) (citations omitted). In performing this analysis, "it is appropriate to analyze" the applicability of any tolling rules raised by the plaintiff at the motion to dismiss stage. *Hilberg v. S. Methodist Univ.*, 2024 WL 4451756, at *6 (N.D. Tex. Aug. 9, 2024) (citation omitted), *rec. adopted*, 2024 WL 4224952 (N.D. Tex. Sept. 18, 2024).

## III.    SUMMARY OF THE ARGUMENT

The Eastern District has already determined that Ryan's claims must be arbitrated. That issue was fully and fairly litigated in Ryan's prior lawsuit, and she is thus collaterally estopped from re-litigating that issue again. For the sake of argument, even if collateral estoppel did not apply, it is clear from the face of Ryan's Complaint that all her claims are subject to a mandatory arbitration agreement. And when, as here, all a plaintiff's claims will be resolved in arbitration, dismissal is the proper remedy. Alternatively, it is evident from Ryan's Complaint that the statute of limitations for each of Ryan's claims has long run. Further, because Ryan voluntarily dismissed her prior lawsuit without prejudice, there is no basis for tolling her claims, and so this case should be dismissed under Rule 12(b)(6).

## IV.    FACTUAL BACKGROUND[1]

### A.    Ryan files suit in Denton County and the case is ordered to arbitration.

This matter has been ongoing for years. Ryan, together with several entities she owned and controlled, originally sued PayPal in Texas state court in Denton County, on June 8, 2022.[2] The factual basis underlying the suit was that PayPal allegedly "harmed [Ryan and her entities] by closing their account and announcing the closure to the mass media, while also making false accusations against [them] and disclosing private information about [their] account that should have been protected and not released."[3] PayPal removed the case to the United States District Court for the Eastern District of Texas.[4]

Once in federal court, Ryan amended her complaint, restyling her causes of action, but maintaining the basis of her suit was PayPal's alleged termination of her account and the alleged disclosure of that termination to various media outlets.[5] In response, PayPal moved to compel arbitration pursuant to the User Agreement between PayPal and Ryan and her entities.[6] The arbitration provision in the User

---

[1] A court reviewing a motion to dismiss may consider "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019).

[2] *See generally* Pl.'s Orig. Pet., *JLR Glob., LLC v. PayPal Holding Co.*, No. 4:22-cv-559-ALM, ECF No. 1.

[3] *Id.* ¶ 26.

[4] *See generally* Not. of Rem., *JLR Glob., LLC v. PayPal Holding Co.*, No. 4:22-cv-559-ALM, ECF No. 2.

[5] *See generally* Pl.'s Am. Compl., *JLR Glob., LLC v. PayPal Holding Co.*, No. 4:22-cv-559-ALM, ECF No. 9 ¶¶ 14-26.

[6] *See generally* Def.'s Mot. to Comp. Arb., *JLR Glob., LLC v. PayPal Holding Co.*, No. 4:22-cv-559-ALM, ECF No. 10.

Agreement stated that the parties "agree that any and all disputes or claims that have arisen or may arise between [Ryan] and PayPal, including without limitation federal and state statutory claims, common law claims, and those based in contract, tort, fraud, misrepresentation or any other legal theory, shall be resolved exclusively through final and binding arbitration, rather than in court."[7] On March 15, 2023, the Eastern District issued an opinion staying the case and compelling the lawsuit to arbitration. *See generally JLR Glob., LLC v. PayPal Holding Co.*, 2023 WL 2527158, at *3 (E.D. Tex. Mar. 15, 2023) [hereinafter, *JLR I*].

Ryan's attorneys subsequently withdrew from the case. *JLR Glob., LLC v. PayPal Holding Co.*, 2024 WL 4198003, at *1 (E.D. Tex. Sept. 13, 2024) [hereinafter, *JLR II*]. Ultimately, Ryan elected not to arbitrate the case *pro se*, and instead sought reconsideration of the order compelling arbitration—arguing that the costs of retaining counsel rendered arbitration prohibitively expensive such that the parties' agreement to arbitrate in the User Agreement should be set aside. *Id.* at *3. On September 13, 2024, the Eastern District issued an opinion ordering that Ryan's entities could not continue to appear before the Court *pro se*, denying Ryan's motion for reconsideration, and affirming the prior order mandating arbitration and staying the case. *Id.* at *4.

---

[7] Pl.'s Compl. Ex. 8 at 38, ECF No. 3-1; *see also JLR Glob., LLC v. PayPal Holding Co.*, 2023 WL 2527158, at *3 (E.D. Tex. Mar. 15, 2023).

**B.    Ryan refuses to arbitrate, voluntarily dismisses her suit in the Eastern District, and immediately files suit in the Northern District.**

On January 27, 2025, Ryan, now acting *pro se*, filed a Motion to Lift the Stay Pending Arbitration in the Eastern District.[8] Over the next three months, Ryan filed an additional nine motions, and two proposed amended complaints. Ultimately, on April 9, 2025, the Eastern District *sua sponte* entered an order clarifying that the matter was stayed and would remain stayed until the court ruled on Ryan's original Motion to Lift the Stay. *JLR Glob., LLC v. PayPal Holding Co.*, 2025 WL 1119718, at *1 (E.D. Tex. Apr. 9, 2025) [hereinafter, *JLR III*].

On May 1, Ryan voluntarily dismissed her lawsuit in the Eastern District under Federal Rule 41(a)(1).[9] On May 14, Ryan filed this lawsuit in the Northern District.[10] As with the prior lawsuit, the crux of this lawsuit is Ryan's allegations that "PayPal terminated [Ryan's] account[,] froze her funds, and disclosed her account closure to national media, portraying her as an 'extremist' under pressure from finCEN, DOJ, and FBI, pursuant to post-January 6 directive targeting alleged 'extremist' transactions."[11] PayPal conferred with Ryan about the deficiencies it identified in her Complaint, and apprised her of her right to amend under the Court's

---

[8] *See generally* Pl.'s Mot. to Lift Stay Pend. Arb., *JLR Glob., LLC v. PayPal Holding Co.*, No. 4:22-cv-559-ALM, ECF No. 44.
[9] *See generally* Pl.'s Compl. Ex. 7 at 1, ECF No. 3-1.
[10] *See generally* Pl.'s Compl., ECF No. 3.
[11] Pl.'s Compl. ¶ 3, ECF No. 3.

standing procedures. Ryan declined to exercise her right to amend, and PayPal now files this Motion.

## V.    ARGUMENT AND AUTHORITY

### A.    The Court should compel Ryan to arbitrate her claims and dismiss this case.

*1. Collateral estoppel bars Ryan from re-litigating the arbitration issue which was fully and fairly litigated in the Eastern District.*

"Issue preclusion, also known as collateral estoppel, applies when '(1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision.'" *Amrollah v. Napolitano*, 710 F.3d 568, 572 (5th Cir. 2013) (quoting *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005) (en banc)). "The determination of a question directly involved in one action is conclusive as to that question in a second suit." *Budri v. FirstFleet Inc.*, 2021 WL 6496786, at *4 (N.D. Tex. Oct. 22, 2021) (citing *B & B Hardware, Inc., v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015)), *rec. adopted*, 2021 WL 5629149 (N.D. Tex. Nov. 30, 2021).

The three elements of collateral estoppel unquestionably apply to the issue of whether Ryan's claims must be arbitrated. First, Ryan already sought relief against PayPal for her allegations that PayPal wrongfully terminated her account and improperly shared details of that account termination with various media outlets. Second, as part of that lawsuit, Ryan and PayPal vigorously litigated whether Ryan's

claims were subject to an arbitration agreement contained within PayPal's User Agreement. And third, the court in the Eastern District held that a valid arbitration agreement existed between PayPal and Ryan, upheld the agreement's "expansive language" applying to "all disputes or claims that have arisen or may arise between [Ryan] and PayPal," and further held that the Eastern District lawsuit, premised on "PayPal's decision to terminate an account," was covered by the arbitration agreement because it had "arisen between Ryan and PayPal." *JLR I*, 2023 WL 2527158, at *6. The court in the Eastern District then upheld these holdings over Ryan's fully briefed and litigated motion for reconsideration. *See generally JLR II*, 2024 WL 4198003.

Unsatisfied with her results in the Eastern District, Ryan dismissed her lawsuit there and immediately filed a case in the Northern District premised on the exact same alleged operative facts and against the exact same defendant as her case in the Eastern District.

The question before the Court in this case is whether the applicable principles of collateral estoppel are enough to preclude Ryan from re-litigating the Eastern District's order compelling her to arbitration, or if her procedural maneuverings (voluntarily dismissing her case in the Eastern District and bringing new causes of action) somehow allow her to force PayPal to relitigate the arbitration issue. Fortunately, the Fifth Circuit has decided an almost exactly analogous case that

provides a resounding answer: "[Ryan's] nonsuit cannot abrogate the effect of the [Eastern District's] order compelling arbitration[, and t]he fact that [Ryan] now asserts new causes of action is irrelevant." *Wheeler v. Kidder Peabody & Co., Inc.*, 8 F.3d 21, 1993 WL 455869, at *2-*3 (5th Cir. 1993).

In *Wheeler v. Kidder Peabody & Co.*, an employee sued his employer in Texas state court. The employer moved to compel arbitration, and the state court granted the motion. The employee then voluntarily dismissed the case, before refiling it—while also including a litany of new causes of action—in federal court. The federal district court dismissed the case, and the Fifth Circuit affirmed, holding that collateral estoppel applied to the arbitration issue despite the employee's voluntary dismissal of the state-court case, and despite the new causes of action. *Id.* at *1-*3.

Specifically, the Fifth Circuit held that, though there must be "judicial finality" in order for collateral estoppel to apply, "finality does not require a final judgment, but only that the issue has been fully litigated." *Id.* at *2 (cleaned up) (citation omitted). It further held that the employee's "attempted nonsuit [did not] abrogate the effect of the state court's order compelling arbitration," and thus applied collateral estoppel to bar the employee from relitigating the arbitration issue in the new lawsuit. *Id.* at *2. Additionally, the Fifth Circuit held that, the "new causes of action" brought by the employee were "irrelevant" to the collateral estoppel analysis, because any "causes of action arising out of the same set of operative facts" alleged

in the first lawsuit would be precluded in the second lawsuit. *Id.* at *3 (citations omitted).

Ryan, like the employee in *Wheeler*, was ordered to arbitrate in the Eastern District case, voluntarily dismissed that case, and now has refiled a case arising out of the same alleged operative facts. Accordingly, "[Ryan] is precluded from relitigating the issue of the validity of the arbitration agreement. The effect of this preclusion is that [Ryan] may not sue [PayPal] … for any claims arising out of [PayPal's termination of her account]. [She] must arbitrate [her] claims." *Id.* at *3.

   2. *Even if collateral estoppel did not apply to Ryan's claims, it would be clear from her pleadings and the Eastern District's opinions that her claims are subject to a mandatory arbitration agreement.*

For the sake of argument, even if collateral estoppel did not apply to bar Ryan's re-litigation of the arbitration issue, it would be apparent from Ryan's Complaint and the Eastern District's opinions that her claims must be brought in arbitration.[12] In her Complaint, Ryan admits that she was ordered to arbitration in the Eastern District, pursuant to her User Agreement with PayPal.[13] And yet, nowhere in her Complaint does Ryan contest that the parties have agreed to arbitrate this dispute. Her silence on this issue is telling.

---

[12] The Eastern District previously considered the exact same arbitration agreement, between the exact same parties, for claims predicated on the exact same alleged underlying conduct, as are relevant in this case. Given this, even if they are not preclusive on the arbitration issue (they are) the Eastern District opinions should be followed as persuasive authority unless they are "unpersuasive, premised on ill-reasoned rationale, or contrary to weight of other authority." *Marange v. Fontenot*, 879 F. Supp. 679, 686 (E.D. Tex. 1995).

[13] Pl.'s Compl. ¶ 16, ECF No. 3.

Ryan executed the User Agreement with PayPal as a "clickwrap agreement"[14]—"[an] online agreement that requires a 'webpage user [to] manifest assent to the terms of a contract by clicking an 'accept' button in order to proceed.'" *Doe v. Massage Envy Franchising, LLC*, 2020 WL 7624620, at *2 (Del. Super. Ct. Dec. 21, 2020) (citation omitted); *see also Bongalis-Royer v. RJ Worldwide, LLC*, 2015 WL 12778846, at *5 (E.D. Tex. July 16, 2015) (recognizing the enforceability of clickwrap agreements in Texas). When Ryan created her account, the User Agreement contained a "change of terms" provision, which stated that by "continuing to use [PayPal's] services after any changes to this user agreement, you agree to abide and be bound by those changes."[15] Through this provision, PayPal amended the arbitration clause, eventually landing on the version applicable at the time Ryan's account was terminated.[16] With each amendment to the arbitration provision, Ryan was offered a chance to opt out of the arbitration provision—and chose not to do so.[17] There is thus a valid agreement to arbitrate between the parties.

The User Agreement between Ryan and PayPal applies to "any and all disputes or claims that have arisen or may arise between" them, "including without limitation federal and state statutory claims, common law claims, and those based in

---

[14] *JLR I*, 2023 WL 2527158, at * 4.
[15] *Id.*
[16] *Id.*
[17] *Id.*; *see also* Pl.'s Compl. Ex. 8 at 40, ECF No. 3-2.

contract, tort, fraud, misrepresentation or any other legal theory."[18] As long as a plaintiff's allegations "touch matters" covered by the arbitration agreement, any claims based on those allegations are subject to arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.13 (1985). The arbitration provision in the User Agreement applies to all claims that may arise as a result of the relationship between PayPal and Ryan. Accordingly, any claim by Ryan premised on PayPal's alleged termination of her account—including the allegation that said termination was part of a conspiracy to violate her constitutional rights and "deplatform" her—is unquestionably subject to the parties' arbitration agreement.

Because there is a valid arbitration agreement between the parties that covers the claims in this lawsuit, the only remaining question for the Court is whether some federal statute or policy dictates that the claims are not arbitrable. Initially, as "the party resisting arbitration," Ryan "bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 91 (2000). Ryan's Complaint asserts, with sporadic citation to various irrelevant precedents, that none of her claims are arbitrable—presumably for policy reasons. But none of the cases Ryan cites stand for such a proposition. What's more, a review of relevant caselaw makes it clear that each of Ryan's four causes of action are fully arbitrable under a valid arbitration agreement. *See, e.g.*, *14 Penn Plaza LLC*

---

[18] Pl.'s Compl. Ex. 8 at 38, ECF No. 3-1; *see also JLR I*, 2023 WL 2527158, at * 3.

*v. Pyett*, 556 U.S. 247, 263-64 (2009) (federal statutory claims); *Growtech Partners v. Accenture LLP*, 118 F. Supp. 3d 920, 930 (S.D. Tex. 2015) (Texas state law claims). Critically, the User Agreement does not restrict what remedies Ryan may receive if she is successful on her claims—it serves as a mutual agreement that the parties will arbitrate their disputes. This is the classic role for an arbitration agreement of statutory claims—even those that touch on weighty constitutional rights. *See, e.g.*, *Mitsubishi*, 473 U.S. at 628.

Ryan also attempts to preemptively attack the arbitration issue in her Complaint by stating that PayPal has waived its right to arbitrate. As the party asserting waiver, Ryan bears the burden of proof to establish that PayPal has waived its right to arbitrate by "substantially invok[ing] the judicial process."[19] *Seifert v. United Built Homes, LLC*, 684 F. Supp. 3d 555, 569 (N.D. Tex. 2023) (citation omitted). Here, Ryan's Complaint and the Eastern District's docket both show that PayPal has consistently asserted its right to and preference for arbitration[20]—and that alone is enough to defeat Ryan's waiver argument. *See, e.g.*, *Petroleum Pipe Americas Corp. v. Jindal Saw, Ltd.*, 575 F.3d 476, 480 (5th Cir. 2009).

---

[19] Ryan also implies an allegation that PayPal waived arbitration by refusing to pay fees. As an initial matter, "[p]ayment of [arbitration] fees is a procedural condition precedent that the trial court should not review." *Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009) (citation omitted). Moreover, a review of the Eastern District's opinion considering this argument, as well as the AAA communication that Ryan attaches to her Complaint, makes clear that, though Ryan could have requested an order directing PayPal to pay the arbitration fees—she chose not to do so. Pl.'s Compl. Ex. 6 at 1, ECF No. 3-1; *JLR II*, 2024 WL 4198003, at *3.
[20] Pl.'s Compl. ¶ 15, ECF No. 3.

*3. Dismissal under Rule 12(b)(3) is proper when, as here, all the plaintiff's claims must be brought in arbitration.*

Dismissal under Rule 12(b)(3) is an "appropriate" remedy "when all of a plaintiff's claims must be submitted to arbitration." *Floyd*, 2019 WL 4452309, at \*5; *see also Gezu v. Charter Comms.*, 2021 WL 419741, at \*8 (N.D. Tex. Jan. 7, 2021) (dismissing case because all the plaintiff's claims would "be resolved by arbitration"), *rec. adopted*, 2021 WL 410000 (N.D. Tex. Feb. 5, 2021); *Krohn v. Spectrum Gulf Coast, LLC*, 2019 WL 4572833, at \*4 (N.D. Tex. Sept. 19, 2019) (noting that a district court may order "dismissal of the case when all of the issues raised in the district court must be submitted to arbitration") (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

As in the examples cited above, Ryan's claims must be resolved through arbitration. The User Agreement's arbitration provision clearly encompasses this entire dispute—and another federal district court has already held as much. Accordingly, this is just such a case where the plaintiff's case should be dismissed rather than stayed. Moreover, as demonstrated by Ryan's conduct in the Eastern District, allowing this case to remain pending—even if stayed—will allow Ryan to continue to use the same dilatory tactics she employed in the Eastern District. *See generally JLR III*, 2025 WL 1119718 (explaining the large number of Ryan's filings, and clarifying that PayPal no longer needed to respond to any filings unless the Court lifted the stay). Rather than allowing this to continue, this Court should put an end

to Ryan's conduct, order her to bring her claims in arbitration, and dismiss this case with prejudice. *See, e.g.*, *Krohn*, 2019 WL 4572833, at *4 (dismissing the plaintiff's claims with prejudice because they would be "resolved by arbitration").

**B.    Alternatively, the Court should dismiss this case because each of Ryan's claims is barred by the applicable statute of limitations.**

While statute of limitations is typically an affirmative defense where the defendant bears the burden of proof, it may be raised in a motion to dismiss under Rule 12(b)(6) "where it is evident from the plaintiff's pleadings that the action is barred." *Martinez v. El Paso Police Dep't*, 667 F. Supp. 3d 401, 405 (W.D. Tex. 2023). Ryan's Complaint alleges federal statutory claims under 42 U.S.C. §§ 1983 and 1985 for alleged violations of her constitutional rights, as well as Texas state law claims for defamation and intentional infliction of emotional distress ("IIED"). The statute of limitations applicable to each of Ryan's claim is discussed below, followed by a discussion of Ryan's tolling arguments.

*1.    42 U.S.C. § 1983*

Pursuant to her § 1983 claims, Ryan alleges that PayPal violated various of her federal rights by terminating her account on January 21, 2021, while acting "under color of state law."[21] In a case filed in Texas, there is a two-year statute of limitations for § 1983 claims. *Normore v. Dallas Indep. Sch. Dist.*, 677 F. Supp. 3d 494, 518 (N.D. Tex. 2023). A Section 1983 claim accrues "the moment the plaintiff

---

[21] *See, e.g.*, Pl.'s Compl. ¶ 49, ECF No. 3.

becomes aware that [s]he has suffered an injury or has sufficient information to know that [s]he has been injured." *Beckwith v. City of Houston*, 790 F. App'x 568, 575 (5th Cir. 2019). A plaintiff's awareness of injury is made up of two elements: "(1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 51 F.3d 512, at 516 (5th Cir. 1995). And critically, "[the] plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).

From the face of Ryan's complaint, it is clear that she was sufficiently aware of the alleged conduct underlying her § 1983 claims for them to accrue as of January 22, 2021. As of that date, Ryan was aware (1) of the injuries she claims as a result of her alleged deplatforming;[22] and (2) that PayPal was the source of this alleged deplatforming.[23] It is also evident from the face of Ryan's Complaint that she knew as of January 22, 2021, the information underlying her allegation that PayPal was working as a state actor—the FBI's raid of her home and the "FinCen" media alerts.[24] Accordingly, absent any tolling, the statute of limitations would run on Ryan's § 1983 claims two years later, in January 2023.

---

[22] Pl.'s Compl. ¶¶ 36, 43, ECF No. 3.
[23] *Id.* ¶¶ 32-36, 43.
[24] *Id.* ¶ 50.

### 2. *42 U.S.C. § 1985*

Relevant to her § 1985 claim, Ryan alleges that PayPal conspired with the FBI and various, unnamed media outlets to deprive Ryan of her First Amendment rights.[25] As with § 1983, the statute of limitations for a claim brought under § 1985 in Texas is two years. *Shanklin v. Fernald*, 539 F. Supp. 2d 878, 888 (W.D. Tex. 2008). A cause of action under § 1985 accrues "as soon as [the plaintiff] kn[ows] or should [know] of the overt acts involved in the alleged conspiracy." *Beckwith*, 790 F. App'x at 575-76.

While Ryan never specifically references the term "overt act" in her Complaint, the only possible overt acts referenced in her Complaint are the alleged "account termination, media leaks, and deplatforming between January 15 and January 22, 2021."[26] As with her § 1983 claim, it is apparent from the face of Ryan's complaint that she knew of these overt acts when they allegedly happened.[27] Accordingly, the statute of limitations for her § 1985 claim began running immediately in January 2021, and ran out in January 2023.

### 3. *Defamation*

With respect to her defamation claim, Ryan alleges that PayPal falsely "implied" that she was an "extremist" and a "domestic terrorist" when it allegedly

---

[25] *Id.* ¶ 58.
[26] Pl.'s Compl. ¶ 58, ECF No. 3.
[27] *Id.* ¶¶ 32-36, 43, 50; Pl.'s Compl. Ex. 12 at 1, ECF No. 3-2.

leaked information about its cancellation of her account to various media outlets.[28]
The statute of limitations for a Texas state-law defamation claim is one year. TEX.
CIV. PRAC. & REM. CODE § 16.002(a). A defamation claim accrues "on the date of
the publication alleged to be defamatory." *Cano v. State Farm Mut. Auto. Ins. Co.*,
425 F. Supp. 3d 779, 791 n.12 (W.D. Tex. 2019) (citing *Glassdoor, Inc. v. Andra
Grp., LP*, 575 S.W.3d 523, 528 (Tex. 2019)). Here, Ryan's complaint establishes
that each of the allegedly defamatory publications were made in January 2021.[29]
Accordingly, the statute of limitations for Ryan's defamation claim ran in January
2022.

### 4. Intentional Infliction of Emotional Distress

Regarding her IIED claim, Ryan alleges that PayPal engaged in extreme and
outrageous conduct that either intentionally or recklessly caused her to suffer severe
emotional distress. Once again, the only specific conduct she alleges is the "false
extremist labels, media leaks, and deplatforming" referenced in her other claims.[30]
The Texas statute of limitations for IIED is two years. TEX. CIV. PRAC. & REM. CODE
§ 16.003(a). An IIED claim accrues "when the wrongful act effects an injury."
*Georgen-Saad v. Tex. Mut. Ins. Co.*, 195 F. Supp. 2d 853, 859 (W.D. Tex. 2002)
(quoting *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 351 (Tex.1990)). As with

---

[28] Pl.'s Compl. ¶ 61, ECF No. 3.
[29] *Id*. Ex. 15 at 1-4, ECF No. 3-2.
[30] *Id*. ¶ 64, ECF No. 3.

her other claims, the only "wrongful acts" Ryan alleges occurred in January 2021, and she alleges that they immediately began effecting injury in the form of severe emotional distress and "rapid" economic harm to her and her businesses.[31] Accordingly, the statute of limitations for any IIED claims based on this alleged conduct ran in January 2023.

### 5. *Ryan's Tolling Arguments*

Ryan also briefly gestures at three bases for tolling: (1) equitable tolling; (2) the discovery rule; and (3) the continuing violation doctrine.[32] First, Ryan argues that equitable tolling applies because her original case was filed within the two-year statute of limitations.[33] "It is true that the filing of a complaint can toll the statute of limitations in some instances." *Buerger v. Sw. Bell Tel. Co.*, 982 F. Supp. 1253, 1256 (E.D. Tex. 1997) (citing *Basco v. American General Ins. Co.*, 43 F.3d 964, 965 (5th Cir.1994) (in the state law forum, filing the complaint can sometimes toll the statute of limitations)). However, a plaintiff's "subsequent voluntary dismissal of [his] claims negates the tolling period … [because t]he effect of [a voluntary dismissal is] to put the plaintiff in the same legal position in which he would have been had he never brought the first suit." *Brinston v. Koppers Indus., Inc.*, 538 F. Supp. 2d 969, 980 (W.D. Tex. 2008) (citing *Taylor v. Bunge Corp.*, 775 F.2d 617, 619 (5th

---

[31] Pl.'s Compl. ¶¶ 36, 43, 59, ECF No. 3.
[32] *Id.* ¶¶ 26–28.
[33] *Id.* ¶ 26.

Cir.1985)). Accordingly, because Ryan voluntarily dismissed her case in the Eastern District, she cannot use the filing of claims in that lawsuit as a basis for tolling.

Second, Ms. Ryan contends that her claims under §§ 1983 and 1985 are premised on the alleged discovery of new evidence in late 2024 and early 2025.[34] The only "new" evidence she identifies is certain Congressional findings relating to the events that transpired at or near the U.S. Capitol on January 6, 2021, and the executive order issuing pardons for many of those involved in the events of January 6—including Ryan herself.[35] The discovery rule "is a narrow exception [to the statute of limitations] that is only applied in exceptional cases." *Civelli v. J.P. Morgan Sec., L.L.C.*, 57 F.4th 484, 489 (5th Cir. 2023) (cleaned up), *cert. denied sub nom. Civelli v. JPMorgan Chase Sec., L.L.C.*, 143 S. Ct. 2585 (2023). Even when it does apply, the discovery rule only tolls the statute of limitations "until a claimant learns of a wrongful injury." *Id.* (citation omitted). The discovery rule is thus of no help to Ryan, because she discovered her alleged injury almost immediately, and indeed sued over it within two years.

What's more, Ryan's purportedly new evidence only relates to alleged ties between PayPal and the government. Even if this evidence stands for the propositions that Ryan claims (it doesn't), at most, it would support Ryan's

---

[34] Pl.'s Compl. ¶ 27, ECF No. 3.
[35] Pl.'s Compl. ¶¶ 23, 27, 47, ECF No. 3.

allegation that PayPal is a state actor for her § 1983 claim, or the alleged existence of a conspiracy under her § 1985 claim. But both of those claims would have accrued as soon as Ms. Ryan knew that she was injured by PayPal, and as soon as she was aware of the final overt act that was taken as part of the alleged conspiracy—both of which she alleges occurred in January 2021.[36] Critically, neither the plaintiff's knowledge of the defendant's status as a state actor nor her knowledge of the existence of a conspiracy are relevant to when §§ 1983 and 1985 claims accrue for purposes of the relevant statutes of limitations. *Beckwith*, 790 F. App'x at 573-76.

Third, Ryan alleges that the limitations period for her claims should be extended under the continuing violation doctrine. Specifically, Ryan asserts that she continues to suffer harm from PayPal's actions, and so the limitations period should be extended.[37] The continuing violation doctrine "stands for the proposition that if a violation … [occurs] in a series of separate acts and if the same alleged violation was committed at the time of each act, then the limitations period begins anew with each violation … in hostile environment discrimination cases." *McGowan v. S. Methodist Univ.*, 715 F. Supp. 3d 937, 952-53 (N.D. Tex. 2024) (cleaned up).

This doctrine thus offers Ryan no help in extending the statute of limitations. First, it only extends to the latest allegedly wrong act committed by the defendant—

---

[36] Pl.'s Compl. ¶¶ 32-36, 43, 50, ECF No. 3; Pl.'s Compl. Ex. 12 at 1, ECF No. 3-2. To be clear, PayPal denies any such ties or any such conduct.
[37] Pl.'s Compl. ¶ 28, ECF No. 3.

which here allegedly occurred in January 2021.[38] And second, it only applies in hostile environment employment discrimination cases—which is not the sort of case that Ryan has brought here.

Accordingly, none of Ryan's arguments for tolling are applicable, and the statute of limitations for each of her claims has run. This is clear from the face of her Complaint, and her lawsuit should be dismissed for failure to state a claim.

## VI.    CONCLUSION

For these reasons, PayPal asks the Court to grant this Motion to Compel Arbitration and dismiss this case with prejudice. Alternatively, PayPal asks that the Court dismiss this case with prejudice because each of Ryan's claims is barred by the applicable statute of limitations.

---

[38] Pl.'s Compl. ¶¶ 32-36, 43, 50, ECF No. 3; Pl.'s Compl. Ex. 12 at 1, ECF No. 3-2.

Respectfully submitted,

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.Vartabedian@vhh.law
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@vhh.law
Weldon P. Sloan
Texas Bar No. 24126754
Weldon.Sloan@vhh.law
**VARTABEDIAN HESTER & HAYNES**
301 Commerce Street, Suite 3635
Fort Worth, TX 76102
Telephone: 817-214-4990

***Attorneys for Defendant
PayPal, Inc.***

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the word count of this document, excluding the case caption, table of contents, table of authorities, signature block, and certificates, is 6,219.

*/s/ Robert C. Vartabedian*

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on May 28, 2025, Counsel for PayPal sent an email to Ms. Ryan notifying Ryan that PayPal believed Ryan was required to arbitrate her claims, that venue was not proper in the Northern District, and that her claims were barred by the statute of limitations. Counsel for PayPal further advised Ms. Ryan that PayPal intended to file a motion to compel arbitration and, in the alternative, a motion to dismiss under Federal Rule 12(b)(6), and that, pursuant to Judge Brown's standing procedures, Ms. Ryan had a right to amend her Complaint. Ms. Ryan did not respond to Counsel for PayPal on this matter, though she did subsequently email Counsel for PayPal from the same email address about other case-related matters.

*/s/ Robert C. Vartabedian*