UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER L. RYAN, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | |
| vs. | § | 3:25-cv-01223-E-BT |
| | § | |
| PAYPAL, INC., | § | |
| | § | |
| Defendant. | § | |

**<u>DEFENDANT'S REPLY IN SUPPORT OF RENEWED MOTION TO COMPEL ARBITRATION AND DISMISS UNDER RULE 12(b)(3) OR, ALTERNATIVELY, RULE 12(b)(6)</u>**

### I.   NATURE AND STAGE OF THE PROCEEDING

Plaintiff Jennifer L. Ryan first sued Defendant PayPal, Inc., in Denton County state court in June 2022. After PayPal removed the case to the United States District Court for the Eastern District of Texas, the Eastern District determined that the suit was subject to a mandatory arbitration agreement, ordered the parties to arbitration, and stayed the case. When Ryan's attempts to overturn the Eastern District's determination proved unsuccessful, she voluntarily dismissed that case and filed this one. After Ryan filed her Amended Complaint, PayPal brought its Renewed Motion to Compel Arbitration and Dismiss under Rule 12(b)(3) or, Alternatively, Rule 12(b)(6) ("Renewed Motion"). Ryan filed her Response, and PayPal now files this Reply in support of the Renewed Motion.

1

## II. ISSUES TO BE RULED ON BY THE COURT

- *First Issue:* Whether this lawsuit should be stayed pending mandatory arbitration.

    o *Legal Standard:* To determine whether to compel arbitration, a court must ask "whether the parties agreed to arbitrate the dispute," and "whether any federal statute or policy renders the claims nonarbitrable." *Floyd v. Kelly Servs., Inc.*, 2019 WL 4452309, at *2 (N.D. Tex. Aug. 30, 2019) (cleaned up), *rec. adopted*, 2019 WL 4447538 (N.D. Tex. Sept. 16, 2019).

- *Second Issue:* Whether this lawsuit is barred by the statute of limitations.

    o *Legal Standard:* Dismissal is appropriate when it is evident from the pleadings that the action is time-barred and there is no basis for tolling. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

## III. ARGUMENT

**A.    Ryan's new causes of action are irrelevant to collateral estoppel.**

Ryan contends that collateral estoppel cannot apply between the Eastern District lawsuit and this lawsuit because she never had a full and fair opportunity to litigate claims under 42 U.S.C. §§ 1983 and 1985 that she did not bring in the Eastern District case and that are supported by evidence that was not introduced in that case.[1]

However, "new causes of action" are "irrelevant" to a collateral estoppel analysis, because collateral estoppel "precludes relitigation of issues, not claims,"

---

[1] Pl.'s Resp. at ¶¶ 14-17, 19-20.

and so any "causes of action arising out of the same set of operative facts" alleged in the first suit are precluded in the second. *Wheeler v. Kidder Peabody & Co., Inc.*, 8 F.3d 21, 1993 WL 455869, at *3 (5th Cir. 1993) (citations omitted). The Eastern District has already determined the enforceability and applicability of the arbitration provision in the parties' User Agreement. *JLR Glob., LLC v. PayPal Holding Co.*, 2023 WL 2527158, at *3 (E.D. Tex. Mar. 15, 2023) [hereinafter, *JLR I*]; *JLR Glob., LLC v. PayPal Holding Co.*, 2024 WL 4198003, at *3-4 (E.D. Tex. Sept. 13, 2024) [hereinafter, *JLR II*]. Accordingly, Ryan cannot relitigate those issues in this case.

As for her purported new evidence, Ryan only cites it in support of the merits of her underlying claims, rather than as to the arbitrability of those claims.[2] The evidence is thus irrelevant to the enforceability of the arbitration provision, "without limitation[, to] federal and state statutory claims, … and those based … [on] any other legal theory," and provides no justification to depart from traditional collateral estoppel principles. *JLR I*, 2023 WL 2527158, at *3.[3]

**B.    The arbitration provision is enforceable and applies to all Ryan's claims.**

Ryan's next argument—that the arbitration provision is wholly unenforceable and does not apply to her claims—fares no better. As explained above, the Eastern District has already determined that the arbitration provision is enforceable and

---

[2] Pl.'s Resp. at ¶ 20.
[3] *See also Murphy v. State*, 200 S.W.3d 753, 760 (Tex. App.—Texarkana 2006), *aff'd*, 239 S.W.3d 791 (Tex. Crim. App. 2007) ("Collateral estoppel cannot be defeated by 'new or different evidence to support the same issue already litigated.'" (citation omitted)).

3

applies to Ryan's claims, so she is precluded from contesting those issues again. But, for the sake of argument, even if the Eastern District's determination had no preclusive effect, Ryan's arguments would still be unavailing.

Ryan first objects that the arbitration provision is unenforceable because PayPal has not agreed to pay her required arbitration filing fee.[4] A party opposing arbitration as too costly must provide "some individualized evidence that they likely will face prohibitive costs in the arbitration at issue and that they are financially incapable of meeting those costs." *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 300 (5th Cir. 2004) (cleaned up). The Eastern District has already determined that "the arbitration fees [Ryan complains of] are not prohibitively expensive." *JLR II*, 2024 WL 4198003, at *3. The Eastern District noted that the arbitration provision "permits Ryan to request PayPal to 'pay as much of the filing, administration, and arbitrator fees as the arbitrator(s) deem necessary to prevent the cost of accessing the arbitration from being prohibitive' … [but] Ryan has not availed herself of this benefit." *Id.* Nothing has changed—Ryan has still not used that benefit. Accordingly, she has again failed to show that arbitration is prohibitively expensive.[5]

---

[4] Notably, Ryan's objection relates only to PayPal's unwillingness to pay the arbitration filing fee—a fee for which she is solely responsible as the claimant. Pl.'s Am. Compl. Ex. 33.3, ECF No. 8-36.

[5] While Ryan also suggests PayPal breached the User Agreement by failing to pay arbitration fees, she later admits that the User Agreement does not require PayPal to pay arbitration fees in this case. Pl.'s Resp. at ¶ 7. PayPal thus did not breach the User Agreement by declining to pay arbitration fees.

Next, Ryan simultaneously argues that her §§ 1983 and 1985 claims "require judicial review" while citing several cases for the contradictory proposition that such claims are arbitrable only when there has been a "clear and unmistakable waiver."[6] None of the cases she cites stands for either proposition. *McDonald v. City of West Branch, Mich.*, is the only case Ryan cites that directly references either §§1983 or 1985—there, the Supreme Court held that "a federal court may [not] accord preclusive effect to an unappealed arbitration award in a case brought under [§ 1983]." 466 U.S. 284, 285 (1984). But the Supreme Court has since cabined that decision, holding that it does "not control the outcome where … [the] agreement's arbitration provision expressly covers both statutory and contractual discrimination claims." *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 264 (2009). The Court, decrying misconceptions regarding arbitration, then held that "objections centered on the nature of arbitration do not offer a credible basis for discrediting the choice of that forum to resolve statutory antidiscrimination claims." *Id.* at 264-68.

Moreover, even if there was a "clear and unmistakable" standard for arbitrating §§ 1983 and 1985 claims, the arbitration provision here would meet it. In the arbitration provision, the parties "agree that any and all disputes or claims that have arisen or may arise between [Ryan] and PayPal, *including without limitation federal and state statutory claims*, … shall be resolved exclusively through final and

---

[6] Pl.'s Resp. at ¶ 10.

5

binding arbitration, rather than in court."[7] This provision thus unmistakably provides that all federal statutory claims—including those brought under §§ 1983 and 1985—must be resolved in arbitration.

### C.  PayPal has not waived its right to arbitration.

Ryan's final attempt to avoid arbitration is also unpersuasive. Ryan asserts that PayPal has waived arbitration by refusing to pay her required filing fee, litigating on the merits, and causing an ill-defined delay.[8] But Ryan fails to reckon with the facts that PayPal is not required to pay her required arbitration filing fee, and that PayPal has consistently sought arbitration.

By Ryan's own admission, PayPal is not contractually obligated to pay the arbitration filing fee.[9] Additionally, none of the cases Ryan cites stand for the proposition that failure to pay fees waives a party's right to arbitration.[10] And while Ryan could request that the arbitrator require PayPal to pay all fees, even if she did, whether "one or the other party" must pay arbitration fees, is "a procedural condition precedent that the trial court should not review." *Dealer Computer Services, Inc. v. Old Colony Motors, Inc.*, 588 F.3d 884, 887 (5th Cir. 2009).

---

[7] Pl.'s Am. Compl. Ex. 8 at 1, ECF No. 8-9 (emphasis added).
[8] Pl.'s Resp. at ¶ 5.
[9] Pl.'s Resp. at ¶ 7.
[10] One of Ryan's cited cases may not exist at all. Counsel has searched Westlaw, PACER, and other search engines for this case: *Vines v. Recology, Inc.*, 2023 WL 258614 (N.D. Cal. Jan. 23, 2023). Counsel has found no indication that such a case exists.

Whether PayPal has engaged in "merits litigation," as Ryan alleges, is similarly irrelevant. PayPal has preserved its arbitration rights by consistently seeking arbitration. *In re Mirant Corp.*, 613 F.3d 584, 589-90 (5th Cir. 2010). Indeed, by seeking merits dismissal solely as an alternative to arbitration, PayPal expressly avoided the gamesmanship requiring waiver. *Dheera Ltd. Co. v. Johnson Controls Inc.*, 2024 WL 42316, at *3 (N.D. Tex. Jan. 3, 2024).

Ryan's citation of an ill-defined "25-month delay" fails for the same reason. From Ryan's first initiation of litigation, PayPal has moved expeditiously to secure an order compelling arbitration. Any delay in the adjudication of Ryan's claims is a result of her strategic decision to repeatedly resist arbitration. Because Ryan herself caused the delay, she cannot now receive relief based on that delay. *Bank of Saipan v. CNG Fin. Corp.*, 380 F.3d 836, 840 (5th Cir. 2004) ("[A] plaintiff seeking equitable relief … must show that [it] has not contributed to the harm at issue.").

### D.  Alternatively, Ryan's claims are barred by the statute of limitations.

For the sake of argument, even if the Court declined to compel arbitration, Ryan's claims should be dismissed as barred by the statute of limitations.

Ryan argues that a § 1985 claim accrues when the plaintiff gains "knowledge of a conspiracy, not merely its overt acts."[11] But the cases she cites for this proposition actually emphasize that such claims accrue whenever a party knows, or

---

[11] Pl.'s Resp. at ¶ 21.

should know, of an injury caused by a conspiracy's overt acts. *See Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987) ("[A]ny cause of action … accrued as soon as plaintiff knew or should have known of the overt acts involved in the alleged conspiracy."); *Frame v. City of Arlington*, 657 F.3d 215, 238 (5th Cir. 2011) ("[A]accrual occurs the moment the plaintiff … has sufficient information to know that he has been injured." (cleaned up)).

Similarly, Ryan contends that her defamation and intentional infliction of emotional distress claims are continually accruing because they are based on internet articles that are republished each time they are accessed.[12] But the case Ryan relies on actually stands for the opposite proposition—in *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, the Fifth Circuit held that Texas would likely follow the "single publication rule," under which an internet article is only published on its initial publication date. 512 F.3d 137, 144-46 (5th Cir. 2007). The Texas Supreme Court later confirmed that holding. *Glassdoor, Inc. v. Andra Group, LP*, 575 S.W.3d 523, 528-29 (Tex. 2019). Ryan's defamation and IIED claims thus accrued when the allegedly defamatory articles were initially published in January 2021.

Ryan next vaguely asserts that equitable tolling should apply because of PayPal's refusal to pay her required arbitration filing fee, PayPal's filing of motions,

---

[12] Pl.'s Resp. at ¶ 21.

and the prior stay of the Eastern District case.[13] Equitable tolling is only available when a plaintiff can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). Ryan cannot show either element. Ryan has not pursued her rights diligently: instead, she has continued to resist arbitration by filing frivolous motions in the Eastern District and initiating this litigation in an attempt to forum shop. Furthermore, nothing has prevented her timely filing the claims at issue. Indeed, she was previously able to timely file her claims in the Eastern District.

Statutory tolling under TEX. CIV. PRAC. & REM. CODE § 16.064 is also unavailable. This statute applies when a case is dismissed for lack of jurisdiction and is thus not available to a plaintiff, like Ryan, who voluntarily dismisses the initial action. *Valencia v. McLendon*, 2019 WL 6913429, at *5 (Tex. App.—Houston [14th Dist.] Dec. 19, 2019, no pet.). Nor is there any equitable reason to dispense with this well-settled rule. Contrary to her assertions otherwise, Ryan's dismissal of the Eastern District action was a strategic choice, transparently made to get another chance to make the same arguments in a new forum. If equity demands anything here, it demands that Ryan live with the repercussions of that strategic decision.

---

[13] Pl.'s Resp. at ¶ 21, 23-27.

## IV.    CONCLUSION

For these reasons, PayPal asks the Court to grant the Renewed Motion and compel the parties to arbitration. Alternatively, PayPal asks that the Court dismiss this case with prejudice as barred by the statute of limitations.

Respectfully submitted,

*/s/ Robert C. Vartabedian*
Robert C. Vartabedian
Texas Bar No. 24053534
Rob.Vartabedian@vhh.law
Alix D. Allison
Texas Bar No. 24086261
Alix.Allison@vhh.law
Weldon P. Sloan
Texas Bar No. 24126754
Weldon.Sloan@vhh.law
**VARTABEDIAN HESTER & HAYNES**
301 Commerce Street, Suite 3635
Fort Worth, Texas 76102
Telephone: 817-214-4990

***Attorneys for PayPal, Inc.***

## CERTIFICATE OF WORD COUNT

The undersigned hereby certifies that the word count of this document, excluding the caption, signature block, and certificates, is 2,396.

*/s/ Robert C. Vartabedian*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of July, 2025, I electronically filed this motion with the Clerk of the Court using the CM/ECF, who in turn sent notice to all parties of record.

*/s/ Robert C. Vartabedian*