IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JENNIFER L. RYAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-01223-E-BT |
| | § | |
| PAYPAL, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Jennifer L. Ryan ("Plaintiff") moves pursuant to 9 U.S.C. Section 3 to vacate the stay entered March 9, 2026, and to reopen this case. *See* Dkt. Nos. 47 & 54. Plaintiff also moves for leave to file an amended complaint, *see* Dkt. Nos. 54 & 55, and for expedited consideration, *see* Dkt. No. 51. Following a review of Plaintiff's Motions, Defendant PayPal, Inc.'s responses, *see* Dkt. Nos. 49, 52 & 57, Plaintiff's replies, *see* Dkt. Nos. 50, 53, 58 & 59, additional filings by the parties, and the applicable law, the Court **GRANTS** Plaintiff's request for expedited consideration and **WITHDRAWS** the reference to the Magistrate Judge. The Court further **DENIES** Plaintiff's requests to vacate the stay and **TERMINATES** as **MOOT** her requests to file an amended complaint or any other submission.

## I.      Preliminary Matters

Plaintiff requests expedited consideration because, according to her, "this case has remained in a stayed posture since 2023." *See* Dkt. No. 51. But the record does not support that assertion. This action was filed on May 14, 2025. Dkt. No. 1. Thereafter, the Magistrate Judge efficiently managed the parties' extensive motion practice, and the Court entered its order

compelling arbitration within ten months of case filing. *See* Dkt. Nos. 45, 46.

Nevertheless, because the pending motions are fully briefed, further delay is unnecessary. Accordingly, the Court withdraws the reference to the Magistrate Judge, grants Plaintiff's request for expedited consideration, and resolves Plaintiff's remaining motions.

## II.    <u>Discussion</u>[1]

Section 3 of the Federal Arbitration Act ("FAA") provides that, when any issue in a suit is subject to arbitration, the court:

> [S]hall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration

9 U.S.C. § 3. "'[S]hall' means 'shall'" and "[w]hen a district court finds that a lawsuit involves an arbitrable dispute, and a party requests a stay pending arbitration, Section 3 of the FAA compels the court to stay the proceeding" until such arbitration has been had in accordance with the terms of the agreement. *Smith v. Spizzirri*, 601 U.S. 472, 476, 477 (2024).

By her motions, Plaintiff argues that arbitration has "been had" under Section 3 and that the stay should be lifted. That argument is unavailing. Under the parties' arbitration agreement, Plaintiff must pay the filing fee for claims exceeding $10,000 unless the arbitrator determines that payment of the fee would make arbitration prohibitively expensive. *See* Dkt. Nos. 8-9, 47-5. Only after such a determination is PayPal obligated to pay any filing, administrative, or arbitrator fees necessary to ensure access to arbitration. *See id.* Furthermore, the parties' arbitration agreement is governed by the rules and procedures of the American Arbitration Association

---

[1] The background facts pertaining to this dispute have been detailed in previous orders, *see, e.g.*, Dkt. No. 31, and the Court presumes the parties' familiarity with those facts.

("AAA"). *See* Dkt. 8-9. The AAA rules provide that arbitration is initiated by filing a demand *and* paying the filing fee. *See* Am. Arb. Assoc. Comm. Arb. R-4(a). A matter is not considered properly filed until the filing fee is paid. *See id.*

Following the Court's March 9, 2026 Order compelling arbitration, Plaintiff demanded that PayPal advance the entire $14,500 filing fee associated with her $20 million damages claim.[2] Dkt. No. 49-6. PayPal declined, explaining that the parties' agreement required an arbitrator to determine whether any fee shifting was warranted. *See* Dkt. No. 49-5. PayPal then requested "the AAA's determination of the amount of the filing fee PayPal must pay." *See id.* After review, the AAA denied Plaintiff's hardship request and instructed her to pay the filing fee by March 24, 2026. *See* Dkt. No. 49-2, 49-4, 49-6. Rather than pay the fee or reduce her damages claim—which PayPal advised would substantially reduce or eliminate her obligation under the AAA fee schedule—Plaintiff insisted that PayPal pay the entire filing fee. Dkt. No. 49-6. When Plaintiff failed to submit the required payment, the AAA administratively closed the file. Dkt. No. 47-6.

Because Plaintiff did not satisfy the contractual prerequisites necessary to proceed beyond the administrative filing stage, arbitration has not "been had" within the meaning of 9 U.S.C. § 3. The arbitrator denied Plaintiff's hardship request and determined that the filing fee was Plaintiff's responsibility. Thus, because the arbitration agreement required Plaintiff to pay the filing fee, and because Plaintiff failed to do so, arbitration has not "been had *in accordance with the terms of the agreement.*" *See* 9 U.S.C. § 3 (emphasis added). Furthermore, because

---

[2] The Court expresses no view regarding Plaintiff's financial circumstances. The issue is whether the parties' agreement required PayPal to advance the filing fee absent an arbitrator's determination. It did not.

Plaintiff did not pay the required filing fee, the matter was never "properly filed." *See* Am. Arb. Assoc. Comm. Arb. R-4(a). Arbitration cannot "be had" before it has been "properly filed."

Additionally, Plaintiff has not demonstrated that PayPal is "in default in proceeding with such arbitration." *See* 9 U.S.C. § 3. PayPal did not breach the arbitration agreement or fail to comply with any arbitral order or rule. PayPal requested that the arbitrator determine whether fee shifting was required and the arbitrator made no finding requiring PayPal to assume Plaintiff's filing or payment obligations. Consequently, PayPal had no contractual duty to advance the filing fee and cannot be considered in default.

The Fifth Circuit's decision in *Noble* does not compel a different result. *See Noble Capital Fund Management, L.L.C. v. U.S. Capital Global Investment Management, L.L.C.*, 31 F.4th 333 (5th Cir. 2022). In *Noble*, the Fifth Circuit concluded that arbitration had "been had" because the parties invoked and substantially participated in the arbitral process before it terminated. Here, by contrast, the parties never engaged beyond the initial filing because Plaintiff did not pay the filing fee as required by the parties' agreement to initiate merits proceedings.

Although arising in a different procedural posture, several courts have likewise recognized that a party cannot avoid the consequences of an arbitration order by refusing to pay the filing fees required to initiate arbitration. *See Lonon v. J.G. Wentworth Co.*, No. 18-1017, 2018 WL 5316349, at *1–4 (E.D. Pa. Oct. 26, 2018); *Mercadante v. Xe Services, LLC*, 323 F.R.D. 76, 80–85 (D.D.C. 2017); *84 Lumber Co. v. Paschen*, No. 15-5425, 2016 WL 2594798, at *2–4 (E.D. La. May 5, 2016). To hold otherwise would allow a party to circumvent an order compelling arbitration by declining to satisfy the contractual prerequisites for initiating the arbitral process.

Accordingly, because arbitration has not been had in accordance with the parties' agreement and PayPal is not in default, 9 U.S.C. § 3 requires this action to remain stayed. Because this action remains stayed, the Court will not entertain amendments to the pleadings. Plaintiff's motions for leave to amend, Dkt. Nos. 54 & 55, will therefore be terminated as moot.

### III.    Conclusion

For the reasons discussed above, the Court **DENIES** Plaintiff's requests to vacate the stay, Dkt. Nos. 47 & 54, and **TERMINATES** as **MOOT** her requests to file an amended complaint, Dkt. Nos. 54 & 55, and any other requests for affirmative relief requiring further proceedings in this Court.

**SO ORDERED**.

DATED: July 6, 2026

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE